1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 SREAM, INC, a California corporation; and ROOR INTERNATIONAL BV, a Foreign Corporation | Case No. 3:18-cv-01676-MMA-RBB |
| 12 | |
| 13 Plaintiffs, | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ANDY'S SMOKE SHOP, INC PURSUANT TO F.R.C.P. 55(b)** |
| 14 | |
| 15 v. | |
| 16 ANDY'S SMOKE SHOP, INC, *et al.*, | |
| 17 Defendants. | Date:        October 22, 2018 |
| 18 | Time:        2:30 pm |
| 19 | Court:        221 West Broadway |
| 20 | San Diego, CA 9210 |
| | Courtroom 3D |
| 21 | Judge:        Hon. Michael M. Anello |

22
23
24
25
26
27
28

---

# ORDER AND JUDGMENT

The Court has before it Plaintiffs Sream, Inc. ("Sream") and RooR International BV ("RIBV") (collectively "Plaintiffs") Motion for Default Judgment Motion for Default Final Judgment ("Motion") [DE 8], filed September 14, 2018. A Clerk's Default, [DE 7] was entered against Defendant Andy's Smoke Shop, Inc ("Defendant") on September 4, 2018, as Defendant failed to appear, answer, or otherwise plead to the Complaint ("Complaint") [DE 1]. The Court has carefully considered the Motion, the record in this case, and the applicable law. For the reasons that follow, the Plaintiffs' Renewed Motion is granted.

## I.    BACKGROUND

**A.**    The cause of action is a counterfeiting, trademark infringement and unfair competition action filed by Plaintiffs pursuant to 15 U.S.C. sections 1114 and 1125(a), and unfair competition in violation of both the UCL and the common law.

**B.**    The Plaintiffs seek to recover: statutory damages, attorneys' fees, and court costs for Defendant's infringing use of Plaintiffs' trademark Registration Nos. 3,675,839; 2,307,176; and 2,235,638.

**C.**    Due to Defendant's failure to appear, answer, or otherwise plead to the Complaint, the Clerk entered default on September 4, 2018. *See* Clerk's Default, [DE 7].

**D.**    Plaintiffs, in their Motion, assert that they are seeking statutory damages pursuant to 15 U.S.C. section 1117(c) in the amount of $200,000.00 for Defendant's willful infringement of Plaintiffs' trademarks.

**E.**    Plaintiffs' allegations that counterfeit ROOR product have resulted in losses to Plaintiffs calculated in the millions of dollars between 2015 and 2017, and losses in California alone of over $1,200,000 in this period.

## II.    LEGAL STANDARD

Pursuant to Fed. R. Civ. Proc. 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. The district court, in its discretion, may grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In conducting this evaluation, the Court

2

considers the following factors: (1) the possibility of prejudice to the Plaintiffs, (2) the merits of Plaintiffs' claims; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the policy underlying the Federal Rules favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. "The general rule of law is that upon default the factual allegations of the [Complaint], except those relating to [] damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The complaint is reviewed to determine whether the alleged facts support the requested relief. *Cripps v. Life Ins. Co. of No. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

If the facts in the complaint are sufficient to establish liability, then the Court must determine the 'amount and character' of the relief that should be awarded. *See Johnson v. Top Inv. Prop. LLC*, 2018 U.S. Dist. LEXIS 140051 (E.D. Cal. 2018). Where all essential evidence is on record, an evidentiary hearing is not required. *See Xerox Corp. v. Simply Smashing, Inc.*, 2013 WL 3214272, *10 (E.D. Cal. 2013); *Directv, Inc. v. McVay*, 2005 U.S. Dist. LEXIS 29494, *5 (E.D. Cal. 2005)(the amount of damages may be determined based on declarations and other evidence available).

## III.    ANALYSIS

### A.    Possibility Of Prejudice To Plaintiffs

Under the first *Eitel* factor, the Court examines whether Plaintiffs will be prejudiced if the request for entry of default judgment is denied. *Eitel*, 782 F.2d at 1471. The plaintiffs have a basis for establishing prejudice if the plaintiffs' motion for default judgment is not granted, and the plaintiffs are subsequently left without other recourse for recovery. *See Johnson v. Vuong*, 2018 WL 3388456, *5 (E.D. Cal. 2018) citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

As a result of Defendant's failure to appear or participate in this litigation, Plaintiffs

3

will suffer prejudice if default judgment is not entered. Plaintiffs have no other recourse for recovery, other than to pursue default judgment against Defendant who has attempted to escape liability heretofore by simply electing to ignore Plaintiffs and the judicial process. (Mot. 6.) Therefore, the first *Eitel* factor favors entry of default judgment.

**B.    The Merits Of Plaintiffs' Claims And Sufficiency Of The Complaint**

With regard to the second and third factors, the plaintiffs are required to "state a claim on which the plaintiffs may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Once a default has been entered by the clerk, the well-pleaded factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *TeleVideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Plaintiffs bring causes of action for willful trademark infringement; trademark copyrighting; false designation; and unfair competition in violation of both the UCL and the common law.

In the instant case, the essential elements of the federal claims for trademark infringement and copyrighting and false designation are identical. *See Brookfield Comms., Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1047 n. 8 (9th Cir. 1999). The federal claims, if met with adequate evidence, are also sufficient to establish defendant's liability under the state and common law claims for unfair competition. *See Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) ("This Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act."); *Philip Morris v. Shalabi*, 352 F.Supp.2d 1067, 1072 (C.D. Cal. 2004) (noting the identity between the essential elements and standard applied to three distinct claims of federal trademark infringement, federal false designation of origin, and state unfair competition). To prevail on a trademark infringement claim under 15 U.S.C. § 1114, Plaintiff(s) must demonstrate that (1) it owns the trademark at issue; (2) the defendant has used in commerce, without authorization, a copy, reproduction, counterfeit or colorable imitation of the plaintiff's mark in connection with the sale, distribution, or advertising of

4

goods and services; and (3) the defendant's use of the mark is likely to cause confusion or to cause mistake or to deceive. *See* 15 U.S.C. ¶ 1114(1); *see also Dept. of Parks and Recreation for State of Calif. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118 (9th Cir. 2006).

Here, Plaintiffs allege that RIBV is the owner of the registered trademark(s) for the word mark "RooR" and its logo. (Compl. ¶ 12.) Moreover, Plaintiffs allege that Sream has been contractually granted all enforcement rights to obtain damages and injunctive relief for past and future infringement of the RooR Marks in the United States, the Court finds that Plaintiffs have standing to bring suit related to the RooR Marks, either independently or collectively. (Compl. ¶ 14, Mot. 2.)[1] Federal registration provides "prima facie evidence" of a trademark's validity and entitles the Plaintiff(s) to a "strong presumption" that the mark is a protectable mark. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 604 (9th Cir. 2005). In the Complaint, Plaintiffs allege that Defendant sold water pipes bearing nearly indistinguishable RooR Marks (Compl. ¶¶ 23, 42, 29. (Mot. 7; Compl. Ex. C.) Second, Plaintiffs allege that "Defendants engaged in the aforementioned activity with the intent to confuse and deceive the public into believing that Andys-Inc and the water pipes it sells are in some way originated with, sponsored by, affiliated or associated with the Plaintiffs, when in fact it is not." (Compl. ¶ 53.) Specifically, "Defendants' use of one or more of the RooR Marks was without the consent of the Plaintiffs, and is likely to cause confusion or mistake in the minds of the public and, in particular, tends to, and does, falsely create the impression that the water pipes advertised,

---

[1] There is a split in authority regarding whether an exclusive licensee of a federal trademark can have standing to sue under Section 32 of the Lanham Act. *See Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*, 2013 WL 1007666 at *3 (N.D. Cal. Mar. 13, 2013) (discussing arguments on both sides.) The Court agrees with the other district courts in this circuit that have found an exclusive licensee steps into the shoes of the owner when licensee has been granted enforcement rights. *See, e.g., Visa U.S.A., Inc. v. First Data Corp.*, 2005 WL 6271242 at *3 (N.D. Cal. Aug. 16, 2005) ("[S]tanding may exist where the licensing agreement both grants and exclusive license and grants tot eh exclusive licensee a property interest in the trademark, or rights that amount to those of an assignee."). Irrespective, however, the owner of the trademark in this action is a co-Plaintiff.

**[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

promoted, distributed, offered for sale, or sold by Andys-Inc originated with, are authorized, sponsored or approved by Sream and/or RIBV when, in fact, it is not." (Compl. ¶ 54.) Finally, Plaintiffs allege that "As a proximate result of the unfair advantage accruing to Andys-Inc's business from deceptively trading on the Plaintiffs' advertising, sales, and consumer recognition, Andys-Inc has made and will continue to make substantial profits and gains to which they are not in law or equity entitled." (Compl. ¶ 37.) These allegations, accepted as true, are sufficient to state a claim for trademark infringement. Accordingly, the second and third factors weigh in favor of default judgment.

### C.    The Sum Of Money At Stake

Pursuant to the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. If the amount of money at stake is proportional to the harm caused by the defendant's conduct, default judgment is warranted. *Topete v. Ramos Furniture*, 2018 WL 4006556, *20 (E.D. Cal. 2018); *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiffs assert Defendant's infringement was willful, and seeks statutory damages of $200,000 for Defendant's infringement. Because Plaintiffs seek a substantial award, albeit one that is only 10% of the maximum permissible damages under 15 U.S.C. § 1117(c)(2), the Court finds that this factor neutral for default judgment.

### D.    The Possibility Of A Dispute Concerning Material Facts

The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case. *Eitel*, 782 F.2d at 1471-72. This factor is particularly relevant when the parties to a lawsuit dispute material facts in their pleadings and one party subsequently defaults. *Id.* at 1472. However, when the moving party supports its claims with ample evidence and the defaulting party makes "no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment." *Lyon v. Bergstrom Law, Ltd.*, 2017 U.S. Dist. LEXIS 83374, 2017 WL 2350447, *20 (E.D. Cal. 2017) citing *Landstar Ranger*, 725 F. Supp. 2d 916, 922

6

(C.D. Cal. 2010). Here Defendant has failed to appear, and as a result of the entry of default, there is no possibility of a dispute concerning the material facts. Accordingly, this factor also weighs in favor of default judgment.

### E.    Whether The Default Was Due To Excusable Neglect

Pursuant to the sixth *Eitel* factor, a court must consider whether the defendant's failure to respond to the plaintiff's allegations is the result of excusable neglect. *Eitel*, 782 F.2d at 1472. The possibility of excusable neglect is remote where the defendant is provided proper notice of the pending suit, but does not contact the court or the plaintiffs in any manner. *See Phillip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003); cf. *Eitel*, 782 F.2d at 1472 (finding excusable neglect where "[t]he record shows that the parties engaged in earnest settlement negotiations after the complaint was served and in fact reached what appeared to be a final settlement agreement prior to the deadline for McCool's answer."). Here, Defendant was served with Summons and the Complaint but has failed to appear or defend this action. Thus, there is no indication of excusable neglect.

### F.    The Policy Underlying The Federal Rules Favoring A Decision On The Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, where the defendant fails to respond to the plaintiffs' complaint, a decision on the merits is impractical, if not impossible. Under Rule 55(a) of the Federal Rules of Civil Procedure, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Pepsico*, 238 F. Supp. 2d at 1177. Because Defendant failed to respond to or defend this action in any way, this factor weighs in favor of default judgment.

### G.    Conclusion Regarding *Eitel* Factors

The Court finds that the application of the *Eitel* factors to this case entitles Plaintiffs to default judgment against Defendant.

**[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

## IV.   Appropriateness of Remedy

### A.    Injunctive Relief

Plaintiffs seek to permanently enjoin Defendant from infringing on the RooR Marks in the future. Injunctive relief is authorized under 15 U.S.C. § 1116(a) to prevent violations under § 1125. Generally, "injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). In light of Defendant's potentially ongoing violations of 15 U.S.C. § 1125, the Court believes that permanent injunctive relief is appropriate with respect to any valid RooR Marks. *See Verizon California Inc. v. Online NIC*, 2008 WL 5352022 (N.D. Cal Dec. 19, 2008).

### B.    Statutory Damages

In the Motion, Plaintiffs also request that the Court award it $200,000 in statutory damages from Defendant. (Mot. 1, 13-14) Plaintiffs assert that Defendant's infringement was willful, alleging in particular that Defendant's infringement was "acted willfully, maliciously, oppressively and despicably, with full knowledge of the adverse effect of their actions to Plaintiffs, and with willful and deliberate disregard for the consequences to Plaintiffs." (Compl. ¶ 63; *see also Id.* ¶ 35.) When ruling on a motion for default judgment, the court presumes that allegations of willfulness are true. *See Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.*, 506 Fed. App'x 550, 552 (9th Cir. 2013.) Under 15 U.S.C. § 1117(c), a trademark owner may elect an award of statutory damages of a "sum not less than $1,000 or more than $200,000" per mark, "as the court considers just." 15 U.S.C. § 1117(c). However, in cases where the trademark owner proves willful infringement, the plaintiffs may collect an award of statutory damages up to $2,000,000 per counterfeit mark. 15 U.S.C. § 1117(c).

A plaintiff seeking default judgment is "required to prove all damages sought in the complaint." *Phillip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "District courts have discretion in determining the amount of statutory

8

damages, subject only to the statutory minimum and maximum." *Coach Services, Inc. v. YNM, Inc.*, 2011 WL 1752091 *5 (C.D. Cal. 2011); *See also BMW of N. Am., LLC v. Zahra,* 2016 WL 215983, *15 (N.D. Cal. 2016). The Court should, however, award damages in trademark infringement cases that are sufficient to deter future infringement. *See Playboy Enters., Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1274-75 (9th Cir 1982). "While a plaintiff in a trademark infringement suit is entitled to damages that will serve as a deterrent, it is not entitled to a windfall." *Adobe Sys., Inc. v. Tilley*, 2010 WL 309249, at *5 (N.D. Cal. Jan. 19, 2010) (rejecting request for $250,000 in statutory damages for the willful infringement of five trademarks and awarding $50,000 in total statutory damages).

Plaintiffs made an evidentiary purchase of a water pipe bearing the infringing RooR Marks, along with a photograph of a receipt for its sale (Decl. of Michael Mottesheard, Sr. in Supp. of Pl.'s Mot. For Default J. ("Mottesheard Decl.") Ex. D), as support for a finding that Defendant willfully infringed Plaintiff's trademark. Moreover, the Mottsheard investigative report identifies additional products bearing the infringing RooR Marks at Defendant's business location (which was recorded at Defendant's premises within and admissible as present recollection recorded).

The Court agrees with Plaintiffs argument that Defendant's default effectively prevented Plaintiffs from uncovering the actual scope of Defendant's infringement, and that a precise measure of damages cannot be made. (Mot. 13-14)

Plaintiffs demonstrate actual damage circumstantially. Next, Plaintiffs argue that an award of $200,000 "sends a clear message to the industry that counterfeiting will not be tolerated." (Mot. 13-14) Moreover, Plaintiffs argue that "a low damages amount… [benefits] counterfeiters who have are believed to have reaped substantial benefit from their unlawful activities – suppressing that information by refusing to cooperate with discovery demands (even if informally presented)." *Id.* Plaintiffs allege that they have suffered significant harm, in the aggregate, by virtue of the "proliferation of counterfeit RooR products in the marketplace." *Id.* In the unopposed Motion, Plaintiffs allege that it has lost "millions of dollars between 2015 and 2017 – as a collective result of counterfeit RooR

9

products throughout the United States." *Id.* Moreover, Plaintiffs allege that "in California alone, Plaintiffs sales have declined in excess of $1,200,000 over this three-year period (with collateral sales and future losses as multiples thereof), which is believed to be solely the result of … counterfeit RooR products in the marketplace." *Id.* The Court finds these unopposed allegations of harm as well as Plaintiffs' corresponding offer to produce records *in camera* probative of Plaintiffs damages by way of counterfeiting generally.

Balancing the deterrence interests, Plaintiffs harms caused by counterfeiting generally, and the procedural posture of this case, the Court concludes that an award of $200,000 is appropriate.

### C. Attorneys' Fees and Costs

Plaintiffs also request attorneys' fees as well as costs under 15 U.S.C. § 1117. (*See* Mot. 16.) The Court agrees that such relief is proper. The Court accordingly awards Plaintiffs $5,475.00 in attorneys' fees. The Court also awards Plaintiffs their costs, which total $480.00. (Vakil Decl. ¶ 13.)

## V. Ruling

Having considered Plaintiffs' Motion and all documents and evidence attached thereto, and the court being fully advised, and good cause shown:

THE COURT HEREBY ORDERS THAT Plaintiffs' Motion for Default Judgment against Defendant Andy's Smoke Shop, Inc pursuant to F.R.F.P. 55(b) is hereby GRANTED.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Judgment be entered in favor of Plaintiffs on all claims, and Defendant shall be liable to Plaintiffs in the amount of $205,955.00 (comprising statutory damages of $200,000, attorney's fees of $5,475.00, costs of $480.00).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant, and Defendant's agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concern or participation with

**[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Defendant are permanently restrained and enjoined from infringing upon the RooR Marks[2] directly or contributorily, in any manner, including:

 (a) import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the counterfeit RooR product identified in the complaint and any other unauthorized RooR product, counterfeit, copy or colorful imitation thereof;

 (b) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (a) above.

  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that pursuant to 15 U.S.C. § 1118, Defendant (at Defendant's cost) deliver up to Plaintiffs for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the RooR Marks.

  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant file with the court and serve on Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

  IT IS FURTHER ORDERED that this Court retains jurisdiction over any matter pertaining to this judgment.

IT IS SO ORDERED.

DATED:

       _____
       Hon. Michael M. Anello
       United States District Court Judge

---

[2] United States Trademark Registration Nos. 3.675.839, 2.307.176, and 2.235.638

11

**[PROPOSED] ORDER RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**